IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-3314-CV-S-RED |
| | ) |
| MISSOURI PARTNERS, INC., | ) |
| c/o Moira Darst, Registered Agent | ) |
| Manchester Village Building III | ) |
| 800 State Highway 248 | ) |
| Branson, MO 65616, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

The United States of America, on behalf of its agencies, the U.S. Department of Interior and the National Park Service (NPS), files this Complaint and alleges as follows:

## NATURE OF ACTION

1. This civil action is brought to recover response costs and damages pursuant to the Park System Resources Protection Act (PSRPA), 16 U.S.C. §§ 19jj - 19jj-4, for injuries to NPS resources, caused on or about April 12, 2006, by an employee and/or agent of the defendant, Missouri Partners, Inc., on lands within the Wilson's Creek National Battlefield.

## JURISDICTION AND VENUE

2. This Court has jurisdiction in this matter pursuant to the PSRPA, 16 U.S.C. § 19jj-2 and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper within this District pursuant to 28 U.S.C. § 1391(b) and (c) because the violations complained of, and the claims asserted herein, arose in this district, and because defendant is found in this district.

## PARTIES

4. The United States of America owns and the NPS manages the land at issue in this action.

5. The defendant, Missouri Partners, Inc. (MPI), is a Missouri corporation headquartered in Branson, Taney County, Missouri, whose address and registered agent for service of process is shown in the caption above. At all times relevant to this complaint, MPI was the employer and/or principal of Charles Magness.

## LEGAL BACKGROUND

6. Wilson's Creek National Battlefield (the Battlefield) was established on April 22, 1960, due to its national significance as the site of "the first great defeat of the southern cause" in the Civil War and one of the pivotal battles in the Western Theater of that conflict. S. Rep. No. 1213, 86th Cong., 2d Sess.(1960), reprinted in 1960 U.S.C.C.A.N. 1892, 1894-95; see also Act of April 22, 1960, Pub. L. No. 86-434, 74 Stat. 76 (1960). The Battlefield's authorized boundary was subsequently enlarged by the Wilson's Creek National Battlefield Boundary Adjustment Act of 2004, Pub. L. No. 108-394, 118 Stat. 2247 (2004) (now codified at 16 U.S.C. § 430kk).

7. The Battlefield and the lands therein are administered by the NPS for the benefit and enjoyment of the people of the United States, and to preserve the natural, historic, and cultural resources located on these lands, pursuant to the National Park Service Organic Act (NPSOA), 16 U.S.C. § 1 *et seq*.

8. Section 1 of the NPSOA, 16 U.S.C. § 1, provides in relevant part that:

> There is created in the Department of the Interior a service to be called the National Park Service…. The service thus established shall promote and regulate the use of the Federal areas known as national parks, monuments, and reservations hereinafter specified… by such means and measures as conform to the fundamental purpose of the said parks, monuments, and reservations, which

purpose is to conserve the scenery and the natural and historic objects and the wild life therein and to provide for the enjoyment of the same in such manner and by such means as will leave them unimpaired for the enjoyment of future generations.

9. The PSRPA provides that "any person who destroys, causes the loss of, or injures any park system resource is liable to the United States for response costs and damages resulting from such destruction, loss, or injury." 16 U.S.C. § 19jj-1(a).

10. Under the PSRPA, a "park system resource" means "any living or non-living resource that is located within the boundaries of a unit of the National Park System, except for resources owned by a non-Federal entity." 16 U.S.C. § 19jj(d).

11. The PSRPA defines "response costs" as "the costs of actions taken by the Secretary of the Interior to prevent or minimize destruction or loss of or injury to park system resources; or to abate or minimize the imminent risk of such destruction, loss, or injury; or to monitor ongoing effects of incidents causing such destruction, loss, or injury." 16 U.S.C. § 19jj(c).

12. Pursuant to the PSRPA, "damages" include "the cost of replacing, restoring, or acquiring the equivalent of a park system resource; and… the value of any significant loss of use of a park system resource pending its restoration or replacement or the acquisition of an equivalent resource." 16 U.S.C. § 19jj(b). Where the resource cannot be replaced or restored, "damages" includes "the value of the park system resource." Id.

**GENERAL ALLEGATIONS**

13. On February 1, 2006, MPI conveyed fee title to four parcels of land totaling 157.03 acres (the Battlefield Property) to Wilson's Creek National Battlefield Foundation, a non-profit corporation, which subsequently conveyed the Battlefield Property to the United States, acting through the NPS, on February 3, 2006. The Battlefield Property is located within the authorized

3

boundary of the Battlefield as expanded by the Wilson's Creek National Battlefield Boundary Adjustment Act of 2004, Pub. L. No. 108-394, 118 Stat. 2247 (2004) (codified at 16 U.S.C. § 430kk). The United States acquired the Battlefield Property at the cost of $1,200,000.00 because it contained a farm, two roads (Wire Road and Little York Road), and a spring that were associated with the Battle of Wilson's Creek.

14. The Battlefield Property is bisected by an approximately 200-foot wide strip of land (MPI Property) retained by MPI for the purpose of constructing an access road from Highway ZZ to other lands owned by MPI. To build this access road, MPI planned to construct a culvert on the MPI Property across an unnamed ravine that contains portions of the historically significant Wire Road and Little York Road.

15. On April 12, 2006, MPI employee and/or agent Charles Magness began clearing out the ravine with a Caterpillar Cat D10R bulldozer in connection with construction of the culvert. In the course of this construction work, Magness trespassed onto the Battlefield Property in the ravine north of the culvert location and bulldozed a portion of the Battlefield Property.

16. On the afternoon of April 12, 2006, MPI supervisor Bill Briggs informed the Battlefield's Chief of Resources Gary Sullivan that an MPI employee had accidentally entered onto and bulldozed a portion of the Battlefield Property.

17. Initial inspection of the Battlefield Property concluded that MPI employee and/or agent Charles Magness had bulldozed approximately 260 feet of Battlefield Property north of the culvert location, and that the bulldozed area varied in width from 150 to 10 feet with approximately six inches to one foot of topsoil being removed. The topsoil that had been removed from the Battlefield Property had been pushed into two piles on the MPI Property, with both piles containing trees and scrap metal in addition to soil.

18. Subsequent inspection and assessment of the injured area concluded that the bulldozing incident had caused the following injuries: variable disturbance of an area of 2.2 hectares or 0.54 acres, of the Battlefield Property; track chewing of the entire surface of a formerly intact section (and the best remaining section in this locality) of the Wire Road located on the Battlefield Property; the removal, displacement, and erosion of some of the upper artifact-bearing surface of the Wire Road roadbed for a distance of about 85 meters on the Battlefield Property; the removal or subsequent erosion of approximately 23.5-28.2 cubic meters of artifact-bearing deposits on and along the historic Wire Road on the Battlefield Property; and the removal or destructive reshaping of the eastern 1-2 meters of the roadbed (including disturbance to the berm that once existed at the site) for about 35-40 meters on the Battlefield Property.

19. By letter dated June 26, 2006, the Battlefield's Superintendent informed MPI of its potential liability under the PSRPA.

## CLAIM FOR RELIEF

20. The allegations set forth in Paragraphs 1 through 19 above are realleged and incorporated herein by reference.

21. On or about April 12, 2006, MPI employee and/or agent Charles Magness drove a bulldozer onto the Battlefield Property without authorization and caused the destruction of, loss of, and injury to soils, plants, historic artifacts, portions of the historic Wire Road, and other natural and cultural resources within the Battlefield.

22. The soils, plants, historic artifacts, portions of the historic Wire Road, and other natural and cultural resources impacted by the bulldozing incident are "park system resources" as that term is defined within the PSRPA.

23. The bulldozing incident within the Battlefield resulted in the destruction of, loss of, and injury to park system resources.

24. The bulldozing incident within the Battlefield caused the United States to incur "response costs" and "damages" as those terms are defined by the PSRPA.

25. Pursuant to the PSRPA, 16 U.S.C. § 19jj-1(a), MPI is liable for all past and future response costs and damages resulting from the destruction of, loss of, and injury to park system resources within the Battlefield caused by the bulldozer incident.

WHEREFORE, the United States of America prays that judgment be entered in its favor against defendant Missouri Partners, Inc., for all response costs and damages in accordance with 16 U.S.C. §§ 19jj - 19jj-4 together with interest and costs, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

Matt J. Whitworth
Acting United States Attorney


By */s/ Earl W. Brown III*

Earl W. Brown III
Assistant United States Attorney
Missouri Bar # 27073
901 St. Louis Street, Suite 500
Springfield, MO 65806-2511
Telephone: (417) 831-4406
Facsimile: (417) 831-4511
earl.brown@usdoj.gov

Date: August 26, 2009